258  NEW JERSEY MISCELLANEOUS REPORTS.

Supreme Court—Boyertown Burial Casket Co. v. Public Service Corp.

BOYERTOWN BURIAL CASKET COMPANY, APPELLEE, v.
PUBLIC SERVICE CORPORATION, APPELLANT.

Decided June 5, 1923.

### Negligence—Rear End Collision of Vehicles—Rule of Road Regarding Driver of Rear Vehicle—Instructions to Jury.

Before Justices PARKER, BERGEN and MINTURN.

For the appellant, *Leonard J. Tynan.*

For the appellee, *Arthur T. Vanderbilt.*

PER CURIAM.

Plaintiff recovered a judgment against defendant based on a collision between their respective vehicles, from which defendant has appealed, the only ground argued being an alleged error in the court's instructions to the jury. From the evidence it may be inferred that defendant's trolley car was standing at a regular stopping point; that plaintiff's servant, driving a truck, passed it, and then turned on the tracks of defendant; that after going a short distance plaintiff's driver, desiring to leave the tracks to the left, held out his hand to give defendant's servant notice of his intention, but before his truck was entirely clear of the track was struck from the rear by the approaching trolley car, causing the injury to the truck for which plaintiff recovered.

The instructions objected to are: "If there is a vehicle in front and a vehicle behind, and the driver of the vehicle in front indicates his intention to turn, the driver of the vehicle in the rear must have his machine under such control that he can, under reasonable operation, stop and prevent collision. He must use reasonable care, the same care that a reasonably prudent man would use in the same situation. If the driver indicates his intention to use another part of the road by extending his hand, then the driver of the vehicle in the rear

must have his machine under such control that he can stop and prevent a collision."

The argument of appellant is, "The charge declared that when one vehicle is traveling in the same direction as, and behind, another vehicle, the rear vehicle must be so controlled that it positively will not hit the vehicle in front, regardless of the method of operation of the vehicle in front." We cannot accede to this proposition. All the court said was that in the situation stated the trolley driver must use reasonable care and have his machine under such control that he can, under reasonable operation, stop and prevent a collision, if the driver of the vehicle in front indicates his intention to turn. This is far from making it a positive duty to, in all cases, prevent a collision. The charge is in line with that approved in *Consolidated Traction Co.* v. *Haight*, 59 *N. J. L.* 577.

The judgment will be affirmed, with costs.